**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.** 3:09CV-743-S

**ELECTRONICALLY FILED**

T-NETIX, INC.,

            Plaintiff,

v.

COMBINED PUBLIC COMMUNICATIONS, INC.

            Defendant.

**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT
AND JURY DEMAND**

Plaintiff T-NETIX, Inc. files this Complaint for patent infringement against Defendant Combined Public Communications, Inc. and alleges as follows:

**I.
PARTIES**

1. Plaintiff T-NETIX, Inc. ("T-NETIX") is a Delaware corporation with its principal place of business in Dallas, , Dallas County, Texas.

2. Defendant Combined Public Communications, Inc. ("CPC") is an Ohio corporation with its principal place of business at 4271 Hanley Road, Cincinnati, Hamilton County, Ohio 45247. Defendant CPC may be served with process by serving its registered agent in the State of Kentucky, Jim Engle, at his registered agent address, 231 Military Parkway, Ft. Thomas, Kentucky 41075.

## II.
## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, 35 U.S.C. § 101 *et seq.* This Court has original and exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a).

4. Upon information and belief, Defendant CPC maintains its operations center in Highland Heights, Kentucky, and transacts business and has committed acts of patent infringement within the State of Kentucky and, upon information and belief, within the Western District of Kentucky. Defendant CPC is therefore subject to the personal jurisdiction of this Court.

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

## III.
## PATENT INFRINGEMENT

6. United States Patent No. 6,560,323 (the "'323 Patent") entitled "Computer-Based Method and Apparatus for Controlling, Monitoring, Recording and Reporting Telephone Access" was duly and legally issued by the United States Patent and Trademark Office on May 6, 2003, after full and fair examination. T-NETIX is the assignee of all rights, title, and interest in and to the '323 Patent, and possesses all rights of recovery, including the right to recover all past damages under the '323 Patent. A copy of the '323 Patent is attached as **Exhibit "A."**

7. United States Patent No. 5,655,013 (the "'013 Patent") entitled "Computer-Based Method and Apparatus for Controlling, Monitoring, Recording and Reporting Telephone Access" was duly and legally issued by the United States Patent and Trademark Office on August 5, 1997, after full and fair examination. T-NETIX is the assignee of all rights, title, and interest in and to the '013 Patent, and possesses all rights of recovery, including the right to

recover all past damages under the '013 Patent.  A copy of the '013 Patent is attached as **Exhibit "B**."

8. United States Patent No. 6,611,583 (the "'583 Patent") entitled "Computer-Based Method and Apparatus for Controlling, Monitoring, Recording and Reporting Telephone Access" was duly and legally issued by the United States Patent and Trademark Office on August 26, 2003, after full and fair examination.  T-NETIX is the assignee of all rights, title, and interest in and to the '583 Patent, and possesses all rights of recovery, including the right to recover all past damages under the '583 Patent.  A copy of the '583 Patent is attached as **Exhibit "C**."

9. Plaintiff T-NETIX makes, uses, sells, and offers to sell to the telecommunications industry specialized call-processing and billing equipment and services for correctional institutions, direct local and long-distance call processing for correctional facilities, value-added telecommunications services such as pre-connection restrictions, digital recording, jail and inmate management systems, video booking and other related goods and services, including commissary services.

10. Defendant CPC makes, manufactures, uses, sells, or offers to sell specialized telephone call-processing and billing equipment and/or services for correctional institutions in competition with T-NETIX.  On information and belief, Defendant CPC by making, using, selling, or offering to sell in the United States, without authority, products and services, including its inmate telephone system and inmate telephone services, has directly and indirectly infringed (by inducement) and is continuing to infringe, directly and indirectly, the '323 Patent, the '013 Patent, and the '583 Patent within the United States.

### Count One – Infringement of '323 Patent

11. T-NETIX re-alleges and incorporates by reference paragraphs 1-10 above.

12. Defendant CPC has infringed and continues to directly and indirectly infringe one or more claims of the '323 Patent by, among other things, making, manufacturing, using, selling, or offering to sell goods and services, as stated above, that practice the '323 Patent in violation of 35 U.S.C. § 271.

### Count Two – Infringement of '013 Patent

13. T-NETIX re-alleges and incorporates by reference paragraphs 1-10 above.

14. Defendant CPC has infringed and continues to directly and indirectly infringe one or more claims of the '013 Patent by, among other things, making, manufacturing, using, selling, or offering to sell goods and services, as stated above, that practice the '013 Patent in violation of 35 U.S.C. § 271.

### Count Three – Infringement of '583 Patent

15. T-NETIX re-alleges and incorporates by reference paragraphs 1-10 above.

16. Defendant CPC has infringed and continues to directly and indirectly infringe one or more claims of the '583 Patent by, among other things, making, manufacturing, using, selling, or offering to sell goods and services, as stated above, that practice the '583 Patent in violation of 35 U.S.C. § 271.

## IV.
## REMEDIES

17. As a direct and proximate consequence of the acts and practices of Defendant CPC in infringing and/or inducing the infringement of one or more claims of the '323 Patent, the '013 Patent, and the '583 Patent, T-NETIX has been damaged in an amount to be determined at trial and will continue to be damaged in its business and property rights as a result of Defendant

CPC's infringing activities, unless such activities are enjoined by this Court. Pursuant to 35 U.S.C. § 284, T-NETIX is entitled to damages adequate to compensate for the infringement, including, *inter alia*, lost profits and/or a reasonable royalty.

18. By reason of its infringing acts and practices, Defendant CPC has caused, is causing, and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to T-NETIX for which there is no adequate remedy at law, and for which T-NETIX is entitled to injunctive relief under 35 U.S.C. § 283. T-NETIX therefore requests a permanent injunction prohibiting Defendant CPC, its directors, officers, employees, agents, parents, subsidiaries, affiliates, and anyone else in active concert or participation with it from infringement, inducement to infringe, or contributory infringement of the '323 Patent, the '013 Patent, and the '583 Patent, including the making, manufacture, use, sale, offer for sale, distribution, or promotion of products and/or services falling within the scope of the '323 Patent the '013 Patent, or the '583 Patent.

19. T-NETIX has given Defendant CPC actual notice of its rights in the '323 Patent, the '013 Patent, and the '583 Patent either by written notice, by filing suit, or otherwise. Defendant CPC has knowledge of the '323 Patent, the '013 Patent, and/or the '583 Patent and has not ceased its infringing activities. Defendant CPC's infringement of the '323 Patent, the '013 Patent, and the '583 Patent is and continues to be willful and deliberate.

## V.
## COSTS INTEREST AND ATTORNEYS' FEES

20. T-NETIX requests the Court award it all reasonable attorneys' fees and costs incurred in this litigation and pre- and post-judgment interest pursuant to 35 U.S.C. §§ 284 and 285.

## VI.
## JURY DEMAND

21. T-NETIX requests a jury trial of all issues in this action so triable.

## VII.
## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff T-NETIX respectfully requests the following relief:

1. A judgment that Defendant CPC has infringed, directly and/or indirectly, the '323 Patent, the '013 Patent, and the '583 Patent;

2. A judgment and order permanently enjoining Defendant CPC and its directors, officers, employees, agents, parents, subsidiaries, affiliates, and all persons in active concert or participation with it from infringement, inducement to infringe, or contributory infringement of the '323 Patent, the '013 Patent, and the '583 Patent, including the making, manufacture, use, sale, offer for sale, distribution, or promotion of products and/or services falling within the scope of the '323 Patent, the '013 Patent, and the '583 Patent pursuant to 35 U.S.C. § 283;

3. A judgment and order requiring Defendant CPC to pay T-NETIX damages sufficient to compensate T-NETIX for the infringement of the '323 Patent, the '013 Patent, and the '583 Patent in an amount not less than T-NETIX's lost profits and/or a reasonable royalty and interest and costs, pursuant to 35 U.S.C. § 284, and supplemental damages for any continuing post-verdict infringement up until entry of final judgment with an accounting, as needed;

4. A judgment and order awarding treble damages, pursuant to 35 U.S.C. § 284, to the extent that Defendant CPC's acts of infringement of the '323 Patent, the '013 Patent, and the '583 Patent are determined to be willful;

5. An award of prejudgment interest, pursuant to 35 U.S.C. § 284, from the date of each act of infringement of the '323 Patent, the '013 Patent, and the '583 Patent by Defendant CPC to the day a damages judgment is entered, and a further award of post-judgment interest, pursuant to 28 U.S.C. § 1961, continuing until such judgment is paid;

6. An award of all costs and reasonable attorneys' fees against Defendant CPC, pursuant to 35 U.S.C. §§ 284 and 285, based on its infringement of the '323 Patent, the '013 Patent, and the '583 Patent;

7. Such other and further relief to which T-NETIX may be entitled.

DATED:  September 17, 2009                Respectfully submitted,

/s/Thomas P. O'Brien, III
Thomas P. O'Brien, III
tobrien@fbtlaw.com
Joshua T. Rose
jrose@fbtlaw.com
**FROST BROWN TODD LLC**
400 West Market Street, 32nd Floor
Louisville, KY 40202-3363
Telephone: (502) 568-5400
Facsimile: (502) 582-1087
*Counsel for T-NETIX, INC.*


Of Counsel/To Be Admitted:

G. Michael Gruber
TX State Bar No. 08555400
mgruber@ghjhlaw.com
Anthony J. Magee
TX State Bar No. 00786081
amagee@ghjhlaw.com
Michael J. Lang
TX State Bar No. 24036944
mlang@ghjhlaw.com
**GRUBER HURST JOHANSEN & HAIL, LLP**
1445 Ross Avenue, Suite 2500
Dallas, TX  75202
Telephone:  (214) 855-6800
Facsimile:  (214) 855-6808
*Of Counsel for T-NETIX, INC.*