**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | | |
|---|---|---|
| T-NETIX, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.:  3:09CV-743-S |
| | ) | |
| COMBINED PUBLIC COMMUNICATIONS, | ) | |
| INC. | ) | |
| | ) | **ELECTRONICALLY FILED** |
| | ) | |
| Defendant. | ) | |

**ANSWER AND COUNTERCLAIMS**

Defendant and Counterclaim Plaintiff Combined Public Communications, Inc. ("CPC"),

through its counsel, files this Answer and Counterclaims to Plaintiff and Counterclaim

Defendant T-Netix, Inc.'s ("T-Netix") Complaint for Patent Infringement and Jury Demand.

**PARTIES**

1.      On information and belief, CPC admits T-Netix is a Delaware corporation with its

principal place of business in Dallas, Dallas County, Texas.

2.      CPC admits that it is an Ohio Corporation and that it may be served with process

by serving its registered agent in the State of Kentucky.  CPC denies the other allegations and

conclusions in Paragraph 2.

**JURISDICTION AND VENUE**

3.      CPC admits that this Court has jurisdiction over patent actions pursuant to 28

U.S.C. §§ 1331 and 1338(a).  CPC admits that T-Netix purports to bring this action pursuant to

the patent laws of the United States, including 35 U.S.C. § 101 *et seq.*; however, CPC denies that

T-Netix has a cause of action against CPC for patent infringement.

4.     CPC admits it transacts business within the State of Kentucky and within the Western District of Kentucky.  CPC admits that this Court may exercise personal jurisdiction over CPC with respect to the matters alleged in this petition.  CPC denies all other factual allegations and conclusions contained in Paragraph 4, and specifically denies any acts of patent infringement.

5.     CPC admits venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

## CLAIMS

6.     CPC admits that United States Patent No. 6,560,323 (the "'323 Patent"), titled "Computer-Based Method and Apparatus for Controlling, Monitoring, Recording and Reporting Telephone Access," issued on May 6, 2003, and that a copy of the '323 Patent was attached to the Complaint, but lacks sufficient information to admit or deny the remaining allegations, and therefore denies each and every other allegation of Paragraph 6.

7.     CPC admits that United States Patent No. 5,655,013 (the "'013 Patent"), titled "Computer-Based Method and Apparatus for Controlling, Monitoring, Recording and Reporting Telephone Access," issued on August 5, 1997, and that a copy of the '013 Patent was attached to the Complaint, but lacks sufficient information to admit or deny the remaining allegations, and therefore denies each and every other allegation of Paragraph 7.

8.     CPC admits that United States Patent No. 6,611,583 (the "'583 Patent"), titled "Computer-Based Method and Apparatus for Controlling, Monitoring, Recording and Reporting Telephone Access," issued on August 26, 2003, and that a copy of the '583 Patent was attached to the Complaint, but lacks sufficient information to admit or deny the remaining allegations, and therefore denies each and every other allegation of Paragraph 8.

9.    CPC is without sufficient information to admit or deny the allegations in Paragraph 9 of the Complaint and therefore denies those allegations.

10.    CPC denies the allegations and conclusions contained in Paragraph 10.

### T-NETIX'S COUNT I

11.    CPC realleges and incorporates by reference the responses set forth in Paragraphs 1-10 above as if fully set forth herein.

12.    CPC denies the allegations and conclusions contained in Paragraph 12.

### T-NETIX'S COUNT 2

13.    CPC realleges and incorporates by reference the responses set forth in Paragraphs 1-10 above as if fully set forth herein.

14.    CPC denies the allegations and conclusions contained in Paragraph 14.

### T-NETIX'S COUNT 3

15.    CPC realleges and incorporates by reference the responses set forth in Paragraphs 1-10 above as if fully set forth herein.

16.    CPC denies the allegations and conclusions contained in Paragraph 15.

### T'NETIX'S REQUESTED REMEDIES

17.    CPC denies the allegations and conclusions contained in Paragraph 17 and denies T-Netix is entitled to any relief from CPC including the relief requested in Paragraph 17.

18.    CPC denies the allegations and conclusions contained in Paragraph 18 and denies T-Netix is entitled to any relief from CPC including the relief requested in Paragraph 18.

19.    CPC denies the allegations and conclusions contained in Paragraph 19.

### T'NETIX'S REQUESTED COSTS, INTEREST, AND ATTORNEYS' FEES

20.     CPC denies the allegations and conclusions contained in Paragraph 17 and denies T-Netix is entitled to any relief from CPC including the relief demanded in Paragraph 20.

## T'NETIX'S JURY DEMAND

21.     Paragraph 21 of the Complaint is a request for a jury trial and as such requires no admission or denial by CPC.

## T'NETIX'S PRAYER FOR RELIEF

(1)     CPC denies the allegations and conclusions contained in subparagraph 1 and denies T-Netix is entitled to any relief from CPC including the relief requested in subparagraph 1.

(2)     CPC denies the allegations and conclusions contained in subparagraph 2 and denies T-Netix is entitled to any relief from CPC including the relief requested in subparagraph 2.

(3)     CPC denies the allegations and conclusions contained in subparagraph 3 and denies T-Netix is entitled to any relief from CPC including the relief requested in subparagraph 3.

(4)     CPC denies the allegations and conclusions contained in subparagraph 4 and denies T-Netix is entitled to any relief from CPC including the relief requested in subparagraph 4.

(5)     CPC denies the allegations and conclusions contained in subparagraph 5 and denies T-Netix is entitled to any relief from CPC including the relief requested in subparagraph 5.

(6)    CPC denies the allegations and conclusions contained in subparagraph 6 and denies T-Netix is entitled to any relief from CPC including the relief requested in subparagraph 6.

(7)    CPC denies the allegations and conclusions contained in subparagraph 7 and denies T-Netix is entitled to any relief from CPC including the relief requested in subparagraph 7.

### AFFIRMATIVE DEFENSES

Without altering the burdens of proof, CPC asserts the following affirmative defenses. CPC has not yet had sufficient time and opportunity to collect and review all information which may be relevant to the matters raised in the Complaint.  CPC reserves the right to modify and/or expand these defenses and to take further positions and to raise additional defenses as discovery proceeds in this matter.

22.    The Complaint, and each cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against CPC.

23.    On information and belief, the asserted claims of the '323, '013, and '583 Patents are invalid for failure to comply with one or more statutory requirements of 35 U.S.C. §§101, 102, 103, or 112, and the rules, regulations, and laws pertaining thereto.

24.    CPC has not infringed and is not presently directly or indirectly infringing any claim of the '323, '012, and '583 Patents, either literally and/or under the doctrine of equivalents.

### COUNTERCLAIM AND DEMAND FOR TRIAL BY JURY

As its Counterclaim against Plaintiff and Counterclaim Defendant T-Netix, Inc. ("T-Netix"), Defendant and Counterclaim Plaintiff Combined Public Communications, Inc. ("CPC") alleges as follows:

25.     Defendant/Counterclaimant CPC is an Ohio Corporation with its principal place of business at 100 Aqua Drive, Cold Spring, Kentucky 41076.

26.     On information and belief, Plaintiff/Counterdefendant T-Netix is a Delaware Corporation with its principal place of business at 14651 Dallas Parkway, Suite 600, Dallas, Texas 75254.

## JURISDICTION AND VENUE

27.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400.

28.     This Counterclaim arises under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.  An actual, substantial, and continuing justiciable controversy exists between CPC and T-Netix with respect to which CPC requires a declaration of rights by this Court.  The controversy relates to the invalidity and non-infringement of United States Patent Nos. 6,560,323 (the "'323 Patent"), 5,655,103 (the "'013 Patent"), and 6,611,583 (the "'583 Patent") and to T-Netix's right to threaten or maintain a suit for infringement of these patents.

29.     This Court has jurisdiction over this Counterclaim under 28 U.S.C. §§ 1331, 1338, 1367, and 2201-02.

## COUNT 1: DECLARATORY JUDGMENT – NON-INFRINGEMENT

30.     T-Netix has contended, and now contends, that it owns the '323, '013, and '583 Patents.

31.     T-Netix has asserted the '323, '013, and '583 Patents against CPC and asserts that CPC infringes the patents.

32.     CPC, on the other hand, has contended and now contends that is has not infringed and is not presently directly or indirectly infringing any claim of the '323, '013, and '583 Patents, either literally or under the doctrine of equivalents.

33.     CPC seeks a judicial determination and declaration of the respective rights and duties of the parties based on CPC's contentions as set forth in Paragraph 32, immediately above. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding non-infringement of the claims of the '323, '013, and '583 Patents.

<u>**COUNT 2: DECLARATORY JUDGMENT – INVALIDITY**</u>

34.     CPC also contends that the '323, '013, and '583 Patents are invalid for failing to comply with the conditions and requirements for patentability as set forth in the United States Patent Laws, Title 35 U.S.C. §§ 101, 102, 103, and/or 112, and the rules and regulations and laws pertaining thereto.

35.     CPC seeks a judicial determination and declaration of the respective rights and duties of the parties based on CPC's contentions as set forth in Paragraph 34, immediately above. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the invalidity of the claims of the '323, '013, and '583 Patents.

<u>**RELIEF REQUESTED**</u>

Wherefore, CPC respectfully requests this Court to:

(a)     A jury trial on all issues so triable;

(b)     Declare that CPC has not infringed and does not infringe in any way any claim of the '323, '013, and '583 Patents either literally or under the doctrine of equivalents;

(c)     Declare each claim in the '323, '013, and '583 Patents is invalid;

(d)     Enjoin T-Netix, its agents, servants, employees, and/or attorneys from initiating or continuing infringement litigation, from otherwise participating or assisting in infringement

litigation, and from threatening CPC or any of its customers, franchisees, vendors, suppliers, agents, servants, or employees with infringement litigation, or charging any of them either verbally or in writing with infringement of the '323, '013, and '583 Patents;

(e)     Declare this to be an "exceptional case" within the meaning of 35 U.S.C. § 285, entitling CPC to an award of its reasonable attorneys' fees, expenses and costs in this action; and

(f)     Grant such other and further and different relief as the Court deems just and proper.

Respectfully submitted,

s/ Christina I. Ryan
Joel T. Beres (KY Bar No. 84376)
Christina I. Ryan (KY Bar No. 91572)
Lindsey Yeakel Capps (KY Bar No. 92726)
STITES & HARBISON, PLLC
400 West Market Street, Suite 1800
Louisville, KY  40202-3352
Telephone: (502) 587-3400
Facsimile: (502) 587-6391
jberes@stites.com
cryan@stites.com
lcapps@stites.com

Joe Bill Campbell
Campbell Law Office
Suite 105, 1011 Lehman Avenue
Bowling Green, Kentucky 42103
Telephone: (270) 782-8228
Facsimile:  (270) 782 8229
campbelljoebill@bellsouth.net

*Counsel for Defendant and Counterclaim Plaintiff*
*Combined Public Communications, Inc.*

CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of December, 2009, I electronically filed the foregoing ANSWER AND COUNTERCLAIMS with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

| | |
|---|---|
| Thomas Patrick O'Brien, III<br>tobrien@fbtlaw.com<br><br>*Counsel for Plaintiff and Counterclaim Defendant T-Netix, Inc.* | Joshua Taylor Rose<br>jtrose@fbtlaw.com<br><br>*Counsel for Plaintiff and Counterclaim Defendant T-Netix, Inc.* |
| Anthony J. Magee<br>amagee@ghjhlaw.com<br><br>*Counsel for Plaintiff and Counterclaim Defendant T-Netix, Inc.* | |

I further certify that a true copy of the foregoing ANSWER AND COUNTERCLAIMS and the notice of electronic filing was sent via U.S. Mail, postage prepaid, to the following:

| |
|---|
| G. Michael Gruber<br>Michael J. Lang<br>Gruber Hurst Johansen Hail LLP<br>Fountain Place<br>1445 Ross Avenue, Suite 2500<br>Dallas, TX  75202<br><br>*Counsel for Plaintiff and Counterclaim Defendant T-Netix, Inc.* |

s/ Christina I. Ryan

*One of counsel for Defendant and Counterclaim Plaintiff Combined Public Communications, Inc.*

763593:1:LOUISVILLE

-9-