**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:09CV-743-S**

**ELECTRONICALLY FILED**

| | |
|---|---|
| **T-NETIX, INC.** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| **v.** § | |
| § | |
| § | |
| **COMBINED PUBLIC** § | |
| **COMMUNICATIONS, INC.** § | |
| § | |
| **Defendant.** § | **Jury Trial Requested** |

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT, DECLARATORY JUDGMENT AND JURY DEMAND**

Plaintiff T-NETIX, Inc. files this First Amended Complaint for patent infringement and declaratory judgment against Defendant Combined Public Communications, Inc. and alleges as follows:

**I.
PARTIES**

1.      Plaintiff T-NETIX, Inc. ("T-NETIX") is a Delaware corporation with its principal place of business in Dallas, Texas.

2.      Defendant Combined Public Communications, Inc. ("CPC") is an Ohio corporation with its principal place of business at 4271 Hanley Road, Cincinnati, Ohio 45247. Defendant CPC may be served with process by serving its registered agent in the State of Kentucky, Jim Engle, at his registered agent address, 231 Military Parkway, Ft. Thomas, Kentucky 41075.

## II.
## JURISDICTION AND VENUE

3.      This action arises under the patent laws of the United States, 35 U.S.C. § 101 *et seq.* and under the Declaratory Judgment Act, 28 U.S.C. § 2201, 2202. This Court has original and exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a).

4.      Upon information and belief, Defendant CPC maintains its operations center in Highland Heights, Kentucky, and transacts business and has committed acts of patent infringement within the State of Kentucky and, upon information and belief, within the Western District of Kentucky.  Defendant CPC is therefore subject to the personal jurisdiction of this Court.

5.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

## III.
## PATENT INFRINGEMENT

6.      United States Patent No. 6,560,323 (the "'323 Patent") entitled "Computer-Based Method and Apparatus for Controlling, Monitoring, Recording and Reporting Telephone Access" was duly and legally issued by the United States Patent and Trademark Office on May 6, 2003, after full and fair examination.  T-NETIX is the assignee of all rights, title, and interest in and to the '323 Patent, and possesses all rights of recovery, including the right to recover all past damages under the '323 Patent.  A copy of the '323 Patent is attached as **Exhibit "A."**

7.      United States Patent No. 5,655,013 (the "'013 Patent") entitled "Computer-Based Method and Apparatus for Controlling, Monitoring, Recording and Reporting Telephone Access" was duly and legally issued by the United States Patent and Trademark Office on August 5, 1997, after full and fair examination.  T-NETIX is the assignee of all rights, title, and

interest in and to the '013 Patent, and possesses all rights of recovery, including the right to recover all past damages under the '013 Patent.  A copy of the '013 Patent is attached as **Exhibit "B**."

8.      United States Patent No. 6,611,583 (the "'583 Patent") entitled "Computer-Based Method and Apparatus for Controlling, Monitoring, Recording and Reporting Telephone Access" was duly and legally issued by the United States Patent and Trademark Office on August 26, 2003, after full and fair examination. T-NETIX is the assignee of all rights, title, and interest in and to the '583 Patent, and possesses all rights of recovery, including the right to recover all past damages under the '583 Patent. A copy of the '583 Patent is attached as **Exhibit "C**."

9.      United States Patent No. 5,768,355 (the "'355 Patent") entitled "Three-Way Call Detection System" was duly and legally issued by the United States Patent and Trademark Office on June 16, 1998, after full and fair examination. A copy of the '355 Patent is attached as **Exhibit "D**."

10.     By virtue of an Exclusive Patent License Agreement (the "Exclusive Patent License") entered into as of September 22, 2004 (the "Effective Date"), between T-NETIX and Science Dynamics Corporation ("SciDyn"), SciDyn granted to T-NETIX an exclusive, worldwide, irrevocable, perpetual license under the '355 Patent, subject to any rights previously granted therein in existence as of the Effective Date, to make, use, sell, offer for sale and import any products or processes for any purposes, together with all rights to enforce against and recover damages for past, present and future infringement of the '355 Patent.

11.     Plaintiff T-NETIX makes, uses, sells, and offers to sell to the telecommunications industry specialized call-processing and billing equipment and services for correctional

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT, DECLARATORY JUDGMENT AND JURY DEMAND**                                                    **Page 3**
#64612v1

institutions, direct local and long-distance call processing for correctional facilities, value-added telecommunications services such as pre-connection restrictions, digital recording, jail and inmate management systems, video booking and other related goods and services, including commissary services.

12.     Defendant CPC makes, manufactures, uses, sells, or offers to sell specialized telephone call-processing and billing equipment and/or services for correctional institutions in competition with T-NETIX. On information and belief, Defendant CPC by making, using, selling, or offering to sell in the United States, without authority, products and services, including its inmate telephone system and inmate telephone services, has directly and indirectly infringed (by inducement) and is continuing to infringe, directly and indirectly, the '323 Patent, the '013 Patent, the '583 Patent, and the '355 Patent within the United States.

## IV.
## DECLARATORY JUDGMENT

13.     Defendant CPC has contended that it is licensed under the '355 Patent by virtue, among other things, of (1) the terms and effect of the Exclusive Patent License and (2) the terms and effect of a Settlement Agreement and Mutual Release (the "Lattice Settlement Agreement") entered into on January 4, 2010 by and among Securus Technologies, Inc. (now known as Securus Technologies Holdings, Inc.), T-NETIX, Evercom Systems. Inc. (now known as Securus Technologies, Inc.) and Lattice Corporation ("Lattice").

14.     T-NETIX has denied that Defendant CPC is licensed under the '355 Patent whether by virtue of the Exclusive Patent License or the Lattice Settlement Agreement or on any other basis. The parties have been unable to resolve their dispute over whether Defendant CPC is licensed under the '355 Patent and Defendant CPC continues to practice the claims of the '355 Patent without authority or consent of T-NETIX in violation of T-NETIX's rights.

### Count One – Infringement of '323 Patent

15.    T-NETIX re-alleges and incorporates by reference paragraphs 1-14 above.

16.    Defendant CPC has infringed and continues to directly and indirectly infringe one or more claims of the '323 Patent by, among other things, making, manufacturing, using, selling, or offering to sell goods and services, as stated above, that practice the '323 Patent in violation of 35 U.S.C. § 271.

### Count Two – Infringement of '013 Patent

17.    T-NETIX re-alleges and incorporates by reference paragraphs 1-14 above.

18.    Defendant CPC has infringed and continues to directly and indirectly infringe one or more claims of the '013 Patent by, among other things, making, manufacturing, using, selling, or offering to sell goods and services, as stated above, that practice the '013 Patent in violation of 35 U.S.C. § 271.

### Count Three – Infringement of '583 Patent

19.    T-NETIX re-alleges and incorporates by reference paragraphs 1-14 above.

20.    Defendant CPC has infringed and continues to directly and indirectly infringe one or more claims of the '583 Patent by, among other things, making, manufacturing, using, selling, or offering to sell goods and services, as stated above, that practice the '583 Patent in violation of 35 U.S.C. § 271.

### Count Four – Infringement of '355 Patent

21.    T-NETIX re-alleges and incorporates by reference paragraphs 1-14 above.

22.    Defendant CPC has infringed and continues to directly and indirectly infringe one or more claims of the '355 Patent by, among other things, making, manufacturing, using, selling,

or offering to sell goods and services, as stated above, that practice the '355 Patent in violation of 35 U.S.C. § 271.

### Count Five – Declaratory Judgment

23.     T-NETIX re-alleges and incorporates by reference paragraphs 1-14 above.

24.     Pursuant to 28 U.S.C. § 2201, T-NETIX asserts that a genuine controversy involving a genuine conflict of tangible interest exists between T-NETIX and Defendant CPC as to whether CPC is licensed under the '355 Patent by virtue of the terms and effect of the Exclusive Patent License or of the Lattice Settlement Agreement or on any other basis.

25.     T-NETIX seeks a judgment, pursuant to 28 U.S.C. § 2201, declaring that Defendant CPC is not licensed under the '355 Patent by virtue of the terms and effect of the Exclusive Patent License or of the Lattice Settlement Agreement or on any other basis.

### V.
### REMEDIES

26.     As a direct and proximate consequence of the acts and practices of Defendant CPC in infringing and/or inducing the infringement of one or more claims of the '323 Patent, the '013 Patent, the '583 Patent, and the '355 Patent, T-NETIX has been damaged in an amount to be determined at trial and will continue to be damaged in its business and property rights as a result of Defendant CPC's infringing activities, unless such activities are enjoined by this Court. Pursuant to 35 U.S.C. § 284, T-NETIX is entitled to damages adequate to compensate for the infringement, including, *inter alia*, lost profits and/or a reasonable royalty.

27.     By reason of its infringing acts and practices, Defendant CPC has caused, is causing, and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to T-NETIX for which there is no adequate remedy at law, and for which T-NETIX is entitled to injunctive relief under 35 U.S.C. § 283. T-NETIX therefore

requests a permanent injunction prohibiting Defendant CPC, its directors, officers, employees, agents, parents, subsidiaries, affiliates, and anyone else in active concert or participation with it from infringement, inducement to infringe, or contributory infringement of the '323 Patent, the '013 Patent, the '583 Patent and the '355 Patent, including the making, manufacture, use, sale, offer for sale, distribution, or promotion of products and/or services falling within the scope of the '323 Patent the '013 Patent, the '583 Patent or the '355 Patent.

28.    T-NETIX has given Defendant CPC actual notice of its rights in the '323 Patent, the '013 Patent, the '583 Patent and the '355 Patent either by written notice, by filing suit, or otherwise. Defendant CPC has knowledge of the '323 Patent, the '013 Patent, the '583 Patent and the '355 Patent and has not ceased its infringing activities. Defendant CPC's infringement of the '323 Patent, the '013 Patent, the '583 Patent and the '355 Patent is and continues to be willful and deliberate.

## VI.
## COSTS INTEREST AND ATTORNEYS' FEES

29.    T-NETIX requests the Court award it all reasonable attorneys' fees and costs incurred in this litigation and pre- and post-judgment interest pursuant to 35 U.S.C. §§ 284 and 285.

## VII.
## JURY DEMAND

30.    T-NETIX requests a jury trial of all issues in this action so triable.

## VIII.
## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff T-NETIX respectfully requests the following relief:

1.    A judgment that Defendant CPC has infringed, directly and/or indirectly, the '323 Patent, the '013 Patent, the '583 Patent and the '355 Patent;

2.    A judgment declaring that Defendant CPC is not licensed under the '355 Patent by virtue of the terms and effect of the Exclusive Patent License or the Lattice Settlement Agreement or on any other basis

3.    A judgment and order permanently enjoining Defendant CPC and its directors, officers, employees, agents, parents, subsidiaries, affiliates, and all persons in active concert or participation with it from infringement, inducement to infringe, or contributory infringement of the '323 Patent, the '013 Patent, the '583 Patent, and the '355 Patent, including the making, manufacture, use, sale, offer for sale, distribution, or promotion of products and/or services falling within the scope of the '323 Patent, the '013 Patent, the '583 Patent, and the '355 Patent pursuant to 35 U.S.C. § 283;

4.    A judgment and order requiring Defendant CPC to pay T-NETIX damages sufficient to compensate T-NETIX for the infringement of the '323 Patent, the '013 Patent, the '583 Patent and the '355 Patent in an amount not less than T-NETIX's lost profits and/or a reasonable royalty and interest and costs, pursuant to 35 U.S.C. § 284, and supplemental damages for any continuing post-verdict infringement up until entry of final judgment with an accounting, as needed;

5.    A judgment and order awarding treble damages, pursuant to 35 U.S.C. § 284, to the extent that Defendant CPC's acts of infringement of the '323 Patent, the '013 Patent, the '583 Patent, and the '355 Patent are determined to be willful;

6.    An award of prejudgment interest, pursuant to 35 U.S.C. § 284, from the date of each act of infringement of the '323 Patent, the '013 Patent, the '583 Patent, and the '355 Patent by Defendant CPC to the day on which a damages judgment is entered, and a further award of post-judgment interest, pursuant to 28 U.S.C. § 1961, continuing until such judgment is paid;

7.    An award of all costs and reasonable attorneys' fees against Defendant CPC, pursuant to 35 U.S.C. §§ 284 and 285, based on its infringement of the '323 Patent, the '013 Patent, the '583 Patent, and the '355 Patent;

8.    Such other and further relief to which T-NETIX may be entitled.

DATED:  April 22, 2011                    Respectfully submitted,

                                          By:     /s/ Anthony J. Magee
                                                  G. Michael Gruber
                                                  Texas State Bar No. 08555400
                                                  mgruber@ghjhlaw.com
                                                  Anthony J. Magee
                                                  Texas State Bar No. 00786081
                                                  amagee@ghjhlaw.com
                                                  Michael J. Lang
                                                  Texas State Bar No. 24036944
                                                  mlang@ghjhlaw.com

                                                  **GRUBER HURST JOHANSEN &
                                                  HAIL L.L.P.**
                                                  1445 Ross Ave., Suite 2500
                                                  Dallas, Texas 75202
                                                  Telephone: (214) 855-6800
                                                  Facsimile: (214) 855-6808

                                                  Darryl W. Durham
                                                  Victoria E. Boggs
                                                  ddurham@weberandrose.com
                                                  vboggs@weberandrose.com

                                                  **WEBER & ROSE, P.S.C.**
                                                  471 West Main Street, Suite 400
                                                  Louisville, KY 40202
                                                  Telephone: (502) 589-2200
                                                  Facsimile: (502) 589-3400

                                                  **COUNSEL FOR PLAINTIFF T-NETIX, INC.**

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT, DECLARATORY
JUDGMENT AND JURY DEMAND                                                    Page 9**
#64612v1

## CERTIFICATE OF SERVICE

On the 22nd day of April, 2011, I caused this document to be electronically filed through the

ECF system, which will send notice of electronic filing to:


Robert Wayne Turner
Stephanie D. Clouston
Jones Day – Dallas
2727 North Harwood Street
Dallas, Texas 75201-1515

and

Joe Bill Campbell
1011 Lehman Avenue, Suite 105
Bowling Green, Kentucky 42103

COUNSEL FOR DEFENDANT,
COMBINED PUBLIC COMMUNICATIONS, INC.


                                          /s/ Anthony J. Magee
                                         Anthony J. Magee