UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

T-NETIX, INC.                                                                                                     PLAINTIFF

v.                                                             CIVIL ACTION NO. 3:09-cv-743-CRS

COMBINED PUBLIC
COMMUNICATIONS, INC.                                                                              DEFENDANT

v.

SECURUS TECHNOLOGIES, INC.
(n/k/a Securus Technologies Holdings,
Inc.), EVERCOM SYSTEMS, INC.
(n/k/a Securus Technologies, Inc.), and
LATTICE INCORPORATED (f/k/a
Science Dynamics Corporation)                                              THIRD PARTY DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court on motion of the defendant, Combined Public Communications, Inc. ("CPC") to dismiss the claims of the plaintiff, T-Netix, Inc. ("T-Netix"). (DN 59). Also before the court is a motion of the third party defendant, Lattice Incorporated ("Lattice") to dismiss the third party complaint of CPC against it. (DN 74). For the reasons set forth below, both motions will be denied.

CPC and T-Netix are competing telecommunication companies that both provide telephone services to county and city jails throughout Kentucky and surrounding states. Lattice was previously known as Science Dynamics Corporation and has engaged in business transactions with both CPC and T-Netix. Pursuant to a licensing agreement with Lattice, CPC has utilized specialized equipment

purchased from Lattice in the provision of its telephone services to jails, in order to manage telephone activity in the restricted environment of a jail. In 2004, Lattice and T-Netix entered into an exclusive patent license agreement (the "License Agreement") regarding some of the same patents used to produce the Lattice products CPC purchased and used in its provision of telephone services to jails.

In 2009, T-Netix filed this action against CPC, alleging that CPC infringed several T-Netix patents by using Lattice technology. Defendants assert that the License Agreement between Lattice and T-Netix excepted prior users of Lattice products from infringement claims, and expressly listed CPC as an "Existing Customer." CPC now moves for dismissal of this action pursuant to Fed.R.Civ.P. 12(b)(7) for failure to join a necessary party, and also in the alternative, argues that T-Netix should be required to join Lattice as a defendant, because Lattice is a necessary party under Fed.R.Civ.P. 19.

Fed.R.Civ.P. 19 requires certain persons to be joined if feasible, including persons who claim an interest relating to the subject of the action and who are so situated that disposing of the action in the persons' absence may impair or impede their ability to protect that interest. Fed.R.Civ.P. 19(a)(1)(B). To determine whether an absent party must be joined, we undertake a three step analysis which assesses (1) whether the party is necessary and should be joined under Rule 19(a); (2) whether joinder is infeasible; and (3) whether the equities of the situation permit the suit to continue in the necessary party's absence. *American Express Travel Related Servs., Co., Inc. v. Bank One-Dearborn, N.A.*, 2006 WL 2457067, *2 (6th Cir. 2006) (citing Fed.R.Civ.P. 19); *see also Hooper v. Wolfe*, 396 F.3d 744, 747 (6th Cir. 2005); *Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 666 (6th Cir. 2004).

CPC argues that Lattice is a necessary party under Rule 19(a)(1)(B). Fed.R.Civ.P. 19(a)(1)(B) provides that a party is necessary if the party "claims an interest relating to the subject of the action," and the absence of such party may "impair or impede the person's ability to protect that interest" or "leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." CPC argues that Lattice's patent ownership rights are at issue and any decision in this case will affect Lattice's ability to manufacture, market and sell products relying on the patent. However, the scope of a patent affects only the ability of a patent owner to exclude others from manufacturing, marketing, and selling an infringing product, and does not affect the affirmative right of a patent owner to manufacture, market and sell its own product. *See TransCore, LP v. Elec. Transaction Consultants Corp.*, 563 F.3d 1271, 1275 (Fed. Cir. 2009). Further, T-Netix does not assert any claims against Lattice and only alleges infringement of its patent rights by CPC. (DN 58).

CPC further argues that excluding Lattice from this suit as a co-defendant would subject CPC to a substantial risk of incurring inconsistent obligations, because Lattice has made warranties under Kentucky law that the products it provided to CPC do not infringe another's patent rights. CPC argues that if it was found liable in this case and its later indemnity claim was denied, it would be subject to inconsistent results. However, "the possibility that the defendants may have a claim for contribution or indemnity does not render an absentee indispensable." *General Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 320 (3d Cir. 2007); *see also Gardiner v. Virgin Islands Water & Power Authority*, 145 F.3d 635, 641 (3d Cir. 1998) (noting the consideration under Rule 19 of exposure to inconsistent adjudication of a party's rights, but stating, "[i]n general, however, a defendant's right to contribution or indemnity from an absent non-diverse party does not render that

absentee indispensable pursuant to Rule 19") (quoting *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 412 (3d Cir. 1993)). CPC is free to seek indemnity from Lattice on its own, as it has by naming Lattice as a third party defendant in this action. We do not find that a threat of inconsistent judgments to CPC makes Lattice a necessary party under Fed.R.Civ.P. 19.

The second part of Fed.R.Civ.P. 19(a)(1)(B) requires a showing that joinder of Lattice is not feasible. Infeasibility under this section depends on whether the absent party's joinder would defeat the court's subject matter jurisdiction. *Askew v. Sheriff of Cook County*, 568 F.3d 632, 634-35 (7th Cir. 2009). Joinder of Lattice is clearly feasible here, as CPC has joined Lattice to this action as a third-party defendant. (DNs 58, 61). Therefore, CPC cannot show that joinder of Lattice is infeasible, as required under Fed.R.Civ.P. 19(a)(1)(B).

Last, we do not find that the equities considered under Rule 19(a)(1)(B) dictate that this action should be dismissed because T-Netix has not joined Lattice as a co-defendant. CPC has joined Lattice to the action as a third party defendant in this matter, and has asserted its right to indemnity. As discussed, T-Netix has only asserted claims against CPC for alleged patent infringement and we do not anticipate that CPC will be subject to inconsistent adjudications of its rights. Therefore, we hold that the motion of CPC to dismiss this action for failure to join a necessary party or in the alternative, to order T-Netix to join Lattice as a co-defendant should be denied.

We now turn to Lattice's motion to dismiss CPC's third party complaint against it (DN 74). When a motion to dismiss is made, the court accepts the well-pleaded facts of the complaint as true and construes the complaint in the light most favorable to the plaintiff, drawing all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007);

*Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). The complaint may be dismissed "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Morgan*, 829 F.2d at 12.

Lattice first argues that CPC's claim for contractual indemnity fails because CPC failed to attach the specific contract establishing such a duty. However, CPC's complaint is only required to "give the defendant fair notice" of what the "claim is and the grounds upon which it rests." *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). Lattice does not cite to any authority that requires CPC to attach the document to its pleadings, and concedes that at least one such contract did exist between the parties by discussing and citing in its motion to dismiss a May 2002 licensing agreement between the parties. (DN 74-1). CPC's allegations contemplate an ongoing business relationship and allege that multiple such agreements exist. Therefore, in drawing all reasonable inferences in favor of CPC and accepting the facts of the complaint as true, we hold that dismissal of the contractual indemnity claim would be improper.

Second, Lattice argues that CPC's equitable claim for indemnity fails because CPC alleges that it is entitled to the legal remedy of contractual indemnity and if an adequate legal remedy is available, the court should not resort to equity. (DN 74-1) (citing *Wunderlich v. Scott*, 46 S.W.2d 753 (Ky. 1932); *Codell Const. Co. v. Commonwealth*, 566 S.W.2d 161, 165 (Ky.App. 1977)). Lattice cites to a recent Kentucky Court of Appeals case which held that a right of indemnification provided in a validly performed contract takes the place of any equitable right to indemnification under common law. *Id*. (citing *Stewart Title Guaranty Co. v. Hayden & Butler, P.S.C.*, 2010 WL 3292931, *4 (Ky.App. 2010)).

However, the Federal Rules specifically allow a party to make claims in the alternative "regardless of consistency," and a pleading is sufficient if any claim is sufficient. Fed.R.Civ.P. 8(d). Kentucky law provides a common law right to indemnity. *See Degener v. Hall Contracting Corp.*, 27 S.W.3d 775, 780 (Ky. 2000). The threshold issue when a common law indemnity claim is made is whether the indemnitee is exposed to liability because of the wrongful act of the indemnitor, and a finding of liability to a plaintiff is not required. *Barton Brands, Ltd., v. O'Briene & Gere, Inc.*, 550 F. Supp. 2d 681, 689 (W.D. Ky. 2008); *Cochran v. Folger*, 2010 WL 2696634, at *3 (E.D. Ky. July 6, 2010). CPC alleges in its third-party complaint that it may be exposed to liability to T-Netix because of the products that were manufactured, and sold to it by Lattice. CPC thus argues that its common law indemnity claim is validly pled as an alternative to its contractual indemnity claim. CPC also argues that because Lattice sold it multiple products, under multiple license agreements, its contractual indemnity claim may be applicable to some products while its common law indemnity claim may be applicable to other products. Drawing all reasonable inferences in the light most favorable to CPC, we find that dismissal is improper.

Lattice further argues that CPC's claim for breach of warranty is time-barred by the four (4) year statute of limitations on breach of warranty claims, provided in KRS § 355.2-725. The statute explains that "a cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made." KRS § 355.2-725(2). CPC alleges in its third-party complaint that it has been in the inmate telephone industry for over ten (10) years and has utilized, and continues to utilize, products it purchased from Lattice during that time period. (DN 60 at ¶ 6). The allegations contemplate an ongoing business relationship involving multiple transactions and deliveries of goods over time, up

until the present. (DN 60 at ¶ 6). Therefore, Lattice cannot show on the face of the third party complaint that this cause of action is barred by the four (4) year statute of limitations. We find that dismissal is improper.

Last, Lattice seeks dismissal of CPC's contribution claim. Contribution is a statutory right under Kentucky law. KRS § 412.030. A party may seek contribution for injuries "which were proximately caused by the combined negligence of himself" and another party. *Brown Hotel Co. v. Pittsburgh Fuel Co.*, 224 S.W.2d 165, 168 (Ky. 1949); *Degener*, 27 S.W.3d at 779 (discussing KRS § 412.030)). Lattice argues that the facts asserted in CPC's third-party complaint cannot constitute "concurrent negligence of substantially the same character" or negligence that converged to cause damage to T-Netix. (DN 74-1 at 7). Lattice also contends that CPC's claims for indemnity and contribution are inconsistent. *Id*. at 6.

As discussed, the Federal Rules specifically allow a party to make claims in the alternative "regardless of consistency." Fed.R.Civ.P. 8(d). CPC asserts in its third-party Complaint that "any alleged infringement found against CPC... was caused, in whole or in part" by Lattice's manufacture, sale, and service of the products, combined with CPC's use of those same products. (DN 60 at ¶ 47). Taking the facts of the complaint as true and drawing all reasonable inferences in favor of CPC, we find that the allegations in CPC's third-party complaint for a claim of contribution are sufficient to withstand Lattice's current motion to dismiss.

An order consistent with this opinion will be entered this date.

March 29, 2012

**Charles R. Simpson III, Judge**
**United States District Court**